**IN THE DISTRICT COURT
FOR THE TERRITORY OF GUAM**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

4,352 ACRES OF LAND, MORE OR LESS,
IN THE ISLAND OF GUAM, MARIANAS
ISLANDS AND PEDRO MARTINEZ ADA,
*et al.*,

       Defendants.

Case No.: 50-cv-00038

**ORDER**
DENYING OBJECTIONS TO REPORT
AND RECOMMENDATION, ADOPTING
REPORT AND RECOMMMENDATION,
AND DENYING MOTIONS FOR
CONDEMNATION COMPENSATION
WITHOUT PREJUDICE

## I.    INTRODUCTION

Before the Court are Jesus S.N. Quintanilla's motions for condemnation compensation (ECF Nos. 2971, 2974), and the Magistrate Judge's Report and Recommendation that recommends denying the motions without prejudice. (ECF No. 2975.)  Also before the Court is Quintanilla's objection to the Report and Recommendation. (ECF No. 2977.)

## II.    BACKGROUND

On August 15, 2017, Quintanilla filed a motion for condemnation compensation. (First Mot. for Compensation, ECF No. 2971.)  In this motion, Quintanilla claims that he is an heir of Juan Perez Quintanilla, and that Juan Perez Quintanilla owned Lot No. 5235, property subject to a leasehold condemnation by the U.S. Government. (*Id*. at 2; ECF No. 2971-1 at 8.)  As the heir, Quintanilla argues that he is entitled to compensation that Juan Perez Quintanilla was entitled to as owner of Lot No. 5235, but did not receive. (First Mot. for Compensation 2; Ex. to Mot. for Compensation 17-24,

1

ECF No. 2971-2; Ex. to Mot. for Compensation (cont'd), ECF No. 2971-3.)

On August 24, 2017, Quintanilla filed a substantially similar motion with the Court, again requesting compensation owed due to the leasehold condemnation of Lot No. 5235. (ECF No. 2974.) On August 31, 2017, the Magistrate Judge issued a Report & Recommendation ("R&R") that recommended the motions be denied without prejudice on the ground that Quintanilla had not sufficiently demonstrated he was the "executor, administrator or personal representative of the estate of Juan Perez Quintanilla under Guam law," and therefore was not legally permitted to bring the claim. (R&R 3, ECF No. 2975.) The R&R notified the parties, including Quintanilla, that they had fourteen days from the date of service of the R&R to file objections. (*Id.*) The United States filed a response concurring in the recommendation of the R&R. (ECF No. 2976.) Quintanilla acknowledged receipt of service on September 1, 2017. Objections were due September 15, 2017. *See* 28 U.S.C. § 626(b)(1); Fed. R. Civ. P. 72(b). Quintanilla belatedly filed a response on September 19, 2017, in which he requests additional time for the Superior Court of Guam to decide his petition to serve as administrator of the estate. (ECF No. 2977.)

### III.    LEGAL STANDARD

When a party objects to a magistrate judge's report and recommendation, the district court judge 'shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* She need not review any parts that are not objected to. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

## IV.    DISCUSSION

The Court has reviewed the record and agrees with the recommendation from the Magistrate Judge.  Fed. R. Civ. P 17(b)(3) requires that a party suing in a representative capacity, as Quintanilla is here, be permitted to bring the claim under the law "where the court is located," which is Guam in this case.  Guam law, as set forth in the R&R, states who acquires the property interests of a deceased, and these conditions must be met for an individual to file a claim in federal court under Fed. R. Civ. P. 17.

Quintanilla appears to acknowledge that he has not satisfied these conditions, and has therefore petitioned the Superior Court of Guam for a letter of administrator to pursue this claim.  His objection to the R&R on the ground that he needs more time for his petition for a letter of administrator is therefore denied.  Adopting the R&R in this case permits Quintanilla to refile his claims provided he is granted the appropriate legal status under Guam law.

## V.    CONCLUSION

For the reasons set forth above, Quintanilla's objection (ECF No. 2977) to the Report and Recommendation is DENIED, and the Report and Recommendation (ECF No. 2975) is ADOPTED.

It is ORDERED that the motions for condemnation compensation (ECF Nos. 2971, 2974) be DENIED WITHOUT PREJUDICE.

**SO ORDERED** on February 22, 2018.

_____
RAMONA V. MANGLONA, Designated Judge